UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| CORY GREGORY GABELMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:14CV77 CDP |
| | ) |
| RANDOLPH COUNTY JUSTICE | ) |
| CENTER, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on review of plaintiff's complaint and supplemental materials under 28 U.S.C. § 1915(e). Under § 1915(e), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

### The Complaint

Plaintiff brings this action under 42 U.S.C. § 1983 against the Randolph County Justice Center ("RCJC"), several officials at RCJC, and a prosecuting attorney for Randolph County.

Plaintiff's initial 19-page complaint alleges, in general and conclusory terms, that he has been subjected to poor conditions at RCJC because he previously filed a civil action against RCJC. He says the law library is inadequate, that he was temporarily denied hygiene items, and that the cells are uncomfortable. He claims that he was unable to breathe "from lack of water and oxygen," and says that unspecified people failed to provide him with a toothbrush or adequate showers, and that the same unspecified jail officials caused him to "panic so sever that I must have went into a Grandma [sic] seizure." Plaintiff alleges that defendant Michael Fusselman, a prosecuting attorney, has indicted plaintiff with charges meant to ensure federal funding for "overprosecution" in Randolph County.

Within a month of filing that lengthy complaint, plaintiff has filed at least a dozen supplements, with more than sixty additional pages complaining of his treatment while incarcerated. These supplemental materials are largely incoherent. Plaintiff alleges he overheard jailers planning to kill him with a snake bite. He claims that jailers at RCJC routinely kill inmates and bury the bodies behind the facility. And he repeatedly claims that the jailers are involved in illegal racketeering. Plaintiff fails, however, to allege that the named defendants are responsible for harming him.

## Discussion

Plaintiff's claim against RCJC is legally frivolous because it is not a suable entity. Ketchum v. City of West Memphis, Ark., 974 F.2d 81, 82 (8th Cir. 1992) (departments or subdivisions of local government are "not juridical entities suable as such.").

Plaintiff's complaint is legally frivolous as to defendant Fusselman because, where "the prosecutor is acting as advocate for the state in a criminal prosecution, [] the prosecutor is

2

entitled to absolute immunity." Brodnicki v. City of Omaha, 75 F.3d 1261, 1266 (8th Cir. 1996). Moreover, plaintiff's allegations against Fusselman appear to be delusional.

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); see Ashcroft v. Iqbal, 129 S. Ct. 1937, 1948 (2009) ("Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). In the instant action, plaintiff has not set forth any facts indicating that any of the individual RCJC defendants were directly involved in or personally responsible for the alleged violations of his constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted.

Finally, many of the allegations in the complaint are obviously delusional, and therefore, are factually frivolous under Denton.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

**IT IS HEREBY ORDERED** that the pending motions are **DENIED** as moot.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 28th day of August, 2014.

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE